Jennifer D. Weekley JW (6254)
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3666
Fax. 646-264-3650

SOL: JW
(11)00705

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------
HILDA L. SOLIS, Secretary of Labor,                :
United States Department of Labor,
                                                    :
                        Plaintiff,
                                                    :
            v.                                         Civil Action File
                                                    :  No.
FIRST BANKERS TRUST SERVICES, INC.,
VINCENT DIPANO and the                             :   COMPLAINT
SJP GROUP, INC. EMPLOYEE STOCK
OWNERSHIP PLAN,                                    :

                                                    :
                        Defendants.
-----------------------------------------------------------------

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary of Labor"), alleges:

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and is brought by the Secretary of Labor under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132 (a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain other appropriate relief to redress violations and enforce the provisions of that Title.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. Venue of this action lies in the District of New Jersey pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), where the SJP Group, Inc. Employee Stock Ownership Plan (the "Plan") is administered and where the breach took place.

## DEFENDANTS

4. At all times relevant to the allegations herein, the SJP Group, Inc. Employee Stock Ownership Plan (referred to hereinafter as the "Plan") has been an employee pension benefit plan within the meaning of ERISA §3(2), 29 U.S.C. §1002(2). The Plan is named as a Defendant in the Complaint for the purpose of ensuring complete relief among the parties under Fed. Rule Civ. Pro. 19.

5. The Plan is sponsored by SJP Group, Inc. (referred to hereinafter as "SJP Group" or the "Company"), and a New Jersey paving and building site preparation corporation headquartered at 7 Industrial Drive, Cliffwood Beach New Jersey 07735, where the Plan also is administered.

6. At all times relevant to the allegations herein, Defendant First Bankers Trust Services, Inc. ("First Bankers Trust") was a Trustee of the Plan, appointed by the Board of Directors of SJP Group, who exercised discretionary authority and/or control over the Plan's management and/or administration and/or exercised discretionary authority and/or control respecting the administration or disposition of the Plan's assets, and therefore was a fiduciary of the Plan within the meaning or ERISA §3(21), 29 U.S.C. §1002(21). First Bankers Trust is headquartered at 1500 Market Street, Philadelphia, PA 19102.

7. At all times relevant to the allegations herein, Defendant Vincent DiPano was a Trustee of the Plan appointed by the Board of Directors of SJP Group, and therefore was a fiduciary of the Plan pursuant to ERISA §3(21), 29 U.S.C. §1002(21) with responsibility under the documents and instruments governing the operation of the Plan for investment of the Plan's assets. Defendant Vincent DiPano maintains residences at 6 Mourning Dove Drive, Sarasota, Florida 34236, and 40 Vroom Avenue, Spring Lake, New Jersey 07762.

8. At all times relevant to the allegations herein, Defendant Vincent DiPano was an officer, majority shareholder and member of the Board of Directors of Defendant SJP Group. As an officer, majority shareholder, member of the Board of Directors of SJP Group and a Trustee and fiduciary of the Plan, Defendant Vincent DiPano was, at all times relevant to the allegations herein, a party in interest with respect to the Plan pursuant to ERISA §3(14)(C), (E) and (H), 29 U.S.C. §1102(14)(C), (E) and (H).

## FACTUAL ALLEGATIONS

9. The Plan was created in or about January 2006.

10. In or about April 16, 2007, the Plan purchased, at a cost of $16 million, 38% of the outstanding stock of SJP Group, a total of 380,000 shares, from Defendant Vincent DiPano (sometimes referred to hereafter as the "ESOP Transaction.")

11. The ESOP Transaction was approved on behalf of the Plan by First Bankers Trust, an independent fiduciary retained by the Board of Directors of SJP Group, to represent the interests of the Plan and its participants and beneficiaries.

12. The ESOP Transaction was approved by SJP Group by officers and Board of Directors members Defendant Vincent DiPano and Frank Dugan, who signed the Unanimous Written Consent on behalf of the Company.

3

13. The ESOP Transaction was funded by a loan from SJP Group to the Plan in the amount of $16 million, in return for a note to be paid back over time through contributions of cash by the company to the Plan.

14. The Trust Agreement governing the operation of the Plan provides at Section 2-10 that: ". . . (b) All purchases and sales of Company Stock shall be made at fair market value as determined in good faith by the Trustee or Special Fiduciary. . . with the advice of an Independent Appraiser and in accordance with any applicable requirements of ERISA."

15. In connection with the ESOP Transaction, Defendant First Bankers Trust retained Prairie Capital Advisors ("Prairie Capital") to act as an appraiser and to conduct a stock valuation for purposes of negotiating the purchase price to be paid by the Plan.

16. In connection with the valuation prepared by Prairie Capital, and before relying on it, First Bankers Trust was responsible to ensure that Prairie Capital obtained and was operating with accurate and complete financial information about SJP Group from its officers and directors.

17. Officials of SJP Group with responsibility for providing financial information, and who in fact provided financial information, to First Bankers Trust and/or Prairie Capital in connection with the ESOP Transaction included majority shareholder, Director and Executive Secretary Vincent DiPano, President, director and minority shareholder Frank Dugan and Secretary-Treasurer Michael D'Esposito.

18. In connection with the ESOP Transaction, the financial information supplied to First Bankers Trust and Prairie Capital by SJP Group's officers and directors including Defendant Vincent DiPano, Frank Dugan and Michael D'Esposito was incomplete and inaccurate, including but not limited to the forecasts for anticipated future performance and the representation in Prairie

Capital's final due diligence call on April 16, 2007, that the financial condition of SJP Group had not changed materially since December 31, 2006.

19. Before relying on the valuation prepared by Prairie Capital, First Bankers Trust was responsible, among other things, to conduct a complete and thorough review of the valuation, to read and understand the valuation and its supporting documents, to verify that the conclusions of the valuation were consistent with the data and analyses, to verify that the valuation was internally consistent and sensible, and to hire a second valuator if warranted.

20. In connection with the ESOP Transaction, First Bankers Trust failed to ensure that Prairie Capital had accurate and complete financial information about SJP Group, and failed to perform its responsibilities as described in Paragraph 19, above.

21. Had First Bankers Trust ensured that Prairie was operating with complete and accurate financial information and fulfilled its responsibilities as described in Paragraph 19, above, it would have concluded that the valuation was inflated, facially flawed, internally inconsistent, based upon erroneous and/or outdated data, and unreliable.

22. The valuation performed by Prairie Capital contained errors including but not limited to:

    a. using financial performance estimates that had little or no connection to the actual financial performance of the company;

    b. using growth projections that were overly aggressive and not supportable;

    c. assuming a competitive position that was not supportable;

    d. relying on unreliable and out-of-date financial information;

    e. failing to duly account for declining performance within the company and in the broader economy; and

    f. failing to adequately consider or quantify risks inherent in SJP Group's business model including customer concentration and cyclical trends.

  23. First Bankers Trust's failure to ensure that Prairie Capital was operating with complete and accurate financial information about SJP Group, its failure to discharge its responsibilities as described in Paragraph 25, above, its unreasonable reliance on the valuation performed by Prairie Capital despite the flaws enumerated above and to otherwise prudently and loyally represent the interests of the Plan and its participants and beneficiaries, caused the Plan to overpay for Defendant Vincent DiPano's stock by an amount millions of dollars above Fair Market Value, and thereby caused loss to the Plan in said amount, plus lost opportunity cost.

  24. At the time of the ESOP Transaction, Defendant Vincent DiPano did not delegate or allocate his responsibility as a Trustee of the Plan with responsibility under the governing Plan documents for investment of the Plan's assets and did not delegate or allocate his role and responsibility as an officer and Director of SJP Group. Accordingly, he was operating under a conflict of interest because he was simultaneously a fiduciary of the Plan and a selling shareholder who stood to gain millions of dollars by selling his shares to the Plan.

  25. By virtue of his position as a fiduciary of the Plan and an officer, director and majority shareholder of SJP Group, Defendant Vincent DiPano knew or should have known that First Bankers Trust was a fiduciary representing the interests of the participants of the Plan in connection with the ESOP Transaction.

  26. By virtue of his position as a fiduciary of the Plan and an officer, director and majority shareholder of SJP Group, Defendant Vincent DiPano knew or should have known that First Bankers Trust and Prairie Capital would rely, in negotiating the price the Plan would pay for

his shares, on financial information supplied by SJP Group through its officers and directors including himself.

27. By virtue of his position as a fiduciary of the Plan and an officer, director and majority shareholder of SJP Group, Defendant Vincent DiPano knew or should have known that the financial information concerning SJP Group supplied to First Bankers Trust and Prairie Capital was incomplete and inaccurate, including but not limited to the erroneous confirmation, in Prairie Capital's final due diligence call on April 16, 2007, that there was no material change in the financial conditions of the company since December 31, 2006, and that First Bankers could not reasonably rely on that financial information.

28. In connection with the ESOP Transaction, Defendant Vincent DiPano took no action to ensure that First Bankers Trust and Prairie Capital were operating with complete and accurate information, to ensure that First Bankers Trust was relying only reasonably on the valuation by Prairie Capital, to cause SJP Group to replace First Bankers Trust, to prevent the Plan's purchase of his shares at a price he knew or should have known was inflated, and to otherwise comply with his fiduciary duty to act prudently and in the interests of the participants of the Plan. Instead, he approved the sale of his shares to the Plan at a price far in excess of Fair Market Value and thereby caused loss to the Plan.

29. In connection with the ESOP Transaction, Defendant Vincent DiPano took no action to investigate or prudently invest the Plan's assets, imprudently abdicating his fiduciary duty in favor of First Bankers Trust.

## VIOLATIONS

First Bankers Trust

30. By the conduct alleged in Paragraphs 12 to 29, above, Defendant First Bankers Trust failed to act prudently, for the exclusive benefit of the participants of the Plan and in conformance with the documents and instruments governing the Plan in relying on the valuation performed by Prairie Capital and thereby violated ERISA §§404(a)(1)(A), (B), and (D), 29 U.S.C. §§1104(a)(1)(A), (B) and (D) and caused loss to the Plan for which it is liable.

31. By the conduct alleged in Paragraphs 12 to 29, above, Defendant First Bankers Trust caused the Plan to enter into a prohibited transaction in violation of ERISA §§406(a)(1)(A) and (D), 29 U.S.C. §§1106(a)(1)(A) and (D), which was not exempt pursuant to ERISA §408(e), 29 U.S.C. §1108(e), because the Plan purchased Vincent DiPano's 380,000 shares of SJP Group at a price that exceeded fair market value after an investigation process that was not prudent and in good faith.

Vincent DiPano

32. By the conduct alleged in Paragraphs 12 to 29, above, Defendant Vincent DiPano failed to discharge his fiduciary duty as a Trustee and fiduciary of the Plan prudently and for the exclusive benefit of the participants of the Plan and thereby violated ERISA §§404(a)(1)(A) and (B) and (D), 29 U.S.C. §§1104(a)(1)(A) and (B) and (D) and caused loss to the Plan for which he is liable.

33. By the conduct alleged in Paragraphs 12 to 29, above, Defendant Vincent DiPano caused the Plan to enter into a prohibited transaction in violation of ERISA §§406(a)(1)(A) and (D) and §§406(b)(1) and (2), 29 U.S.C. §§1106(a)(1)(A) and (D) and §§1106(b)(1) and (2).

34. By the conduct alleged in Paragraphs 12 to 29, above, Defendant Vincent DiPano failed to discharge his fiduciary duty as a fiduciary of the Plan prudently and for the exclusive benefit of the participants of the Plan and thereby enabled First Bankers Trust's breaches of fiduciary duty and prohibited transaction, which he failed to remedy, and for which he is jointly and severally liable pursuant to ERISA §§405(a)(1), (2) and (3), 29 U.S.C. §§1105(a)(1), (2) and (3).

35. By the conduct alleged in Paragraphs 12 to 29, above, Defendant Vincent DiPano knowingly participated in the prohibited transaction caused by First Bankers Trust. Therefore, he is subject to an order requiring him to make appropriate equitable relief pursuant to ERISA §502(a)(5), 29 U.S.C. §1132(a)(5), including but not limited to, disgorgement of his gains from the prohibited transaction.

PRAYER FOR RELIEF

**WHEREFORE,** the Secretary of Labor requests that the Court enter an Order:

1. Requiring Defendant First Bankers Trust to restore losses incurred by the Plan as a result of its violations of ERISA and its causing the Plan to enter into a prohibited transaction, plus interest or lost opportunity costs;

2. Requiring Defendant Vincent DiPano to restore all plan losses incurred by the Plan as a result of his violations of ERISA and his causing the Plan to enter into a prohibited transaction and his failure to remedy ERISA violations by his co-fiduciary, plus interest or lost opportunity costs;

3. Requiring Defendant Vincent DiPano to disgorge any and all plan assets obtained and to disgorge any and all enrichment to him resulting from his knowing participation in any prohibited transaction or other violation of ERISA alleged herein;

    4.    Permanently enjoining each of Defendants First Bankers Trust and Vincent DiPano from serving as a fiduciary or service provider to ERISA-covered Plans and from violating ERISA.

    5.    Granting such other relief as may be equitable, just and proper.

DATED:    July 17, 2012
               New York, New York

                        Respectfully submitted,

                        M. PATRICIA SMITH
                        Solicitor of Labor

                        PATRICIA M. RODENHAUSEN
                        Regional Solicitor

                        JENNIFER D. WEEKLEY
                        Senior Trial Attorney
                        JW (6254)

                        U.S. Department of Labor,
                        Attorneys for Plaintiff

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York  10014
Tel. 646-264-3666
Fax. 646-264-3650
e-mail address: ny-sol-ecf@dol.gov