# EXHIBIT 3



11-27-06A10:19 RCVD

November 16, 2006

Michael D'Esposito
Secretary/Treasurer
The SJP Group
7 Industrial Drive
Cliffwood Beach, NJ 07735

RE: ESOP Trustee

Dear Michael:

This letter constitutes an agreement (the "Agreement") between First Bankers Trust Services, Inc. headquartered in Quincy, Illinois with offices in Quincy and Chicago, Illinois and Philadelphia, Pennsylvania ("First Bankers"), and The SJP Group (the "Company") with its principal office address of:

**7 Industrial Drive**
**Cliffwood Beach, NJ 07735**

First Bankers has been engaged to act as the Independent Trustee of the to-be-formed The SJP Group Employee Stock Ownership Trust ("Trust") which will be part of The SJP Group Employee Stock Ownership Plan ("Plan") (collectively the "ESOP"). The purpose of this letter is to outline in general terms the duties to be performed by First Bankers as Trustee of the Trust.

First Bankers is hereby engaged to provide professional services as appropriate and consistent with the following: (i) its appointment as Independent Trustee ("Trustee") of the Trust and (ii) its fiduciary responsibilities specifically with respect to the investment and reinvestment of the assets of the Trust as a Trustee under the written trust agreement ("Trust Agreement") which will supplement this Agreement when executed by the parties. It is understood that the Trust will be designed to and will invest primarily in stock of the Company (or a Corporation which is a member of the same controlled group) (the "Company Stock"). All references to Company refer to its successors.

CONFIDENTIAL



SJP001399

The Indemnification Agreement of even date herewith, attached hereto as Annex A is hereby incorporated by reference as part of this Agreement.

1.  First Bankers hereby agrees to accept its appointment as Trustee of the Trust and its role as a fiduciary over the assets to be acquired and held by the Trust. Beginning with its work on the date of this Agreement, before the ESOP's formation and funding, First Banker's will conduct appropriate due diligence and review documents regarding loans and proposed stock purchases with a view to the Trust's eventual funding.

2.  First Banker's acknowledges its status as an independent discretionary fiduciary under ERISA, including the responsibilities and duties of a fiduciary involving the acquisition and holding of Company Stock of a privately held corporation.

3.  In the event an offer to sell Company Stock to the Trust is made and terms of a stock purchase agreement are proposed between the sellers ("Sellers") and the Trust (as purchaser), First Bankers, as Trustee, will perform the following duties, without limitation:

    a.  Cause the Trust to obtain credit on such terms and conditions as the Trustee deems prudent in the Trustee's sole discretion, and purchase Company Stock with the proceeds of such credit on terms as negotiated between the Company and the Sellers, subject to obtaining appropriate financial advisor opinions as provided in paragraph 10 below.

    b.  Hold any stock so acquired, subject to pledges or the loan documents, in its custody as Trustee of the Trust.

    c.  Prepare and maintain adequate records of the Trustee's actions and decisions, preserve such records, and make them available as reasonably requested (but only to the extent permitted under ERISA) to only the Company and the Plan Administrator.

4.  In no event will First Bankers' duties as Trustee include the daily administrative and ministerial functions imposed on the Plan and its sponsor. Such duties are, under the terms of the Plan, the responsibility of the Plan Administrator (as defined in the Plan) and shall not be delegated to First Bankers.

5.  First Bankers agrees as of the date set forth above to accept its appointment as Trustee of the Trust. First Bankers will exercise all duties, responsibilities, and powers of a fiduciary under ERISA in its capacity as a discretionary Trustee of the Trust and shall control the management and disposition of the Company Stock held by the Trust to the extent such duties, responsibilities, and authority are consistent with the terms of the Plan and Trust Agreement and are not delegated to: (i) an investment manager as defined under ERISA, (ii) the Plan Administrator (as defined in the Plan) or (iii) a named fiduciary. First Banker's acknowledges its status as a discretionary Trustee under ERISA, including the responsibilities and duties of a fiduciary involving the financing, acquisition and holding of Company Stock of a privately held Corporation.

6.  This Agreement is made under and shall be construed in accordance with the laws of the State of Illinois, except as preempted by Federal law. First Bankers also agrees that, upon the request of the Company, it will act as a directed trustee, in accordance with the terms of the Plan, Trust and ERISA, following the proposed financing and acquisition of Company Stock (except as to matters as to which it is required by ERISA, the Plan or the Trust to exercise discretionary fiduciary authority).

7.  In consideration for services as the Independent Trustee, First Bankers shall be entitled to compensation in the amount of a transaction fee of $30,000.00 payable (i) one half upon execution of this engagement letter and (ii) the reamining one-half at such time as First Bankers is presented with an offer to purchase, and finance the purchase of shares of Company Stock and is asked to exercise its fiduciary discretion to approve or decline to approve such offer. No payments hereunder are contingent on the outcome of First Bankers' determination as Trustee regarding the purchase of Company Stock by the Trust, and First Bankers' fee shall be fully earned upon the exercise of its discretion to approve or decline to approve the offer. First Bankers shall be reimbursed for any and all reasonable direct out-of-pocket expenses incurred in the performance of its fiduciary duties including, but not limited to, travel, postage, telephone charges, computer research, attorney fees, a financial advisor fees, and other professional fees in the event First Bankers considers it necessary to obtain such services. The engagement terms for these professionals shall be disclosed to the Company, for its approval as soon as reasonably practical, before the engagement of such professionals. An activity transaction fee (for wire transfers, distributions, etc.) will be charged by First Bankers at its then current rate, as charged to all of its customers. All other payments are contingent only on First Bankers' completion of services as Trustee hereunder and under the terms of the Trust Agrement in accordance with the provisions of ERISA. All fees of advisors and counsel shall be itemized as to the specific activity for which charges are incurred. In the event the Company retains First Bankers services as Directed Trustee following the contemplated transaction and until such time as First Bankers resigns or is removed in accordance with paragraph 17 hereof, an annual minimum fee of $15,000.00 based on the attached fee schedule in Annex B will be charged. Should a subsequent transaction be proposed, First Bankers will provide the Company with an estimated fee for the proposed new transaction in advance.

8.  Additionally, First Bankers from time-to-time will earn credits on deposited funds or funds awaiting distribution, often referred to as float. First Bankers will retain any earnings received on float. First Bankers also receives Shareholder Service fees from time-to-time. Shareholder Service fees are credited back to the Company as a fee reduction.

9.  In the event the Trustee is called to answer interrogatories, be deposed, or give testimony in an administrative or judicial proceeding regarding an investigation of or inquiry rergarding the transactions contemplated by this letter or the Trustee is asked to perform duties beyond the scope of this initial engagement, First Bankers shall be entitled to reasonable out-of-pocket expenses incurred in connection therewith and a standard hourly fee of up to $250.00 per hour, plus any fees to

cover the costs of legal counsel (if any) which Trustee might determine to engage in connection therewith. Trustee shall provide reasonable notice to the Company prior to incurring any such fees.

10. As Trustee, First Bankers shall be entitled, pursuant to the terms and conditions of Paragraph 7, to:

    a. retain the Trustee's own independent financial advisor of its choosing to assist in the evaluation of the proposed transactions, and to perform the annual valuation and any other required valuations, which advisor is acceptable to the Company; provided however, that the Company shall not unreasonably withhold such acceptance;

    b. retain the Trustee's own independent legal counsel of its choosing in connection with the proposed transaction, which counsel is acceptable to the Company; provided, however, that the Company shall not unreasonably withhold such acceptance; and

    c. reimbursement from the Company for reasonable fees of such consultants, advisors or counsel after disclosure of the engagement terms and approval from the Company prior to engaging such consultants, advisors or counsel.

11. The Trustee shall hold the assets of the Trust and will report and withhold and remit taxes on any distributions to participants as directed by the Plan Administrator.

12. First Bankers' continued engagement as Trustee is contingent upon the following:

    a. First Bankers' engagment of an independent financial advisor;

    b. First Bankers' approval of valuation report(s) and/or fairness opinion(s) furnished by such independent financial advisor; and

    c. First Bankers' approval of the Trust Agreement and associated documents.

13. The Company agrees to furnish First Bankers any Company financial or other information reasonably requested regarding the implementation of the ESOP and the transactions contemplated hereunder.

14. First Bankers agrees to keep confidential all information which it receives or develops concerning the ESOP and the Company, and to disclose information only as contemplated by this Agreement or the Trust Agreement, as required by law or as necessary to perform under the Trust. Neither the Trustee nor any of its agents or employees will be obligated to maintain the confidentiality of any information that is publicly available or that becomes publicly available without violation by the Trustee or any of its agents or employees of the terms of this section.

CONFIDENTIAL

15. Although fees and expenses incurred pursuant to this Agreement may be paid by the Company, it is understood that First Bankers' sole professional responsibility as Trustee is to the ESOP and to the participants (and beneficiaries) therein.

16. The Company agrees to engage, or continue the engagement of, a record keeper and administration firm to maintain the financial statements of the Trust and the Plan participant statements, and to prepare and file the required reports with the appropriate governmental agencies, with Trustee's sole responsibility therefor being the rendering of a Schedule P for filing therewith, and allowing such access to Trust records as may be reasonably necessary for the preparation of the returns and reports.

17. If the Company elects to retain the Trustee after the completion of its initial engagement, the Trustee will continue to serve as the Trustee of the Trust until it resigns or it is removed by the Company. First Bankers may resign as Trustee or the Company may remove it as such upon the terms provided in the Plan, or if the Trust does not so provide, at any time by delivering to the other thirty (30) days written notice of resignation or removal, unless the other party waives such thirty (30) day period. If the Company does not appoint a successor trustee by the effective date of the resignation or removal, the Trustee may apply to a court of competent jurisdiction for the appointment of the successor Trustee or for instructions or may notify the Company that it shall act as successor trustee.

18. The provisions of this Agreement will inure to and be binding upon First Bankers and its successors and assigns, and the Company and its successors and assigns. First Bankers shall not assign its obligations to perform services hereunder to any other party without the prior written consent of the Company.

19. The Company hereby represents and warrants to the Trustee as follows:

    a. The Plan will be qualified under Section 401(a) of the Internal Revenue Code of 1986 (the "Code") and will qualify as an "employee stock ownership plan" within the meaning of Section 4975(e)(7) of the Code and Section 407(d)(6) of ERISA; and

    b. The Trust will be exempt from taxation under Section 501(a) of the Code.

20. The Company will apply to the Internal Revenue Service within the remedial amendment period prescribed by Section 401(b) of the Code and the regulations interpreting that section of the Code for a determination letter to the effect that:

    a. The Plan constitutes an "employee stock ownership plan" within the meaning of Section 4975(e)(7) of the Code;

    b. The Plan is qualifed under Section 401(a) of the Code; and

    c. The Trust is exempt from taxation under Section 501(a) of the Code. The Company will adopt on a timely basis any amendment required by the Internal Revenue Service as a condition to the issuance of such determination letter.

CONFIDENTIAL                                                                    SJP001403

21.   If any portion of this Agreement will be determined to be unenforceable, the remaining provisions will remain in full force and effect.

22.   Either the Company or the Trustee may, by written notice to the other party (a) extend the time for the performance of any of the obligations or other actions of the other party under this Agreement; or (b) waive or modify performance of any of the obligations of the other party under this Agreement. Except as provided in the preceding sentence, no action taken pursuant to this Agreement will be deemed to constitute a waiver by that party of compliance with any of the obligations contained in this Agreement. The waiver by either party of a breach of any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

23.   This Agreement supersedes all prior agreements and understandings between the parties and may not be changed or terminated orally.   No attempted change, termination or waiver of any of the provisions of this Agreement will be binding, unless in writing and signed by the party against whom the change, termination or waiver is sought to be enforced.

[the rest of this page intentionaly left blank]

CONFIDENTIAL                                                        SJP001404

This Agreement is being signed on the _16th_ day of _November_ 2006.

FIRST BANKERS TRUST SERVICES, INC.

By: _____

Merri E. Ash, Vice President

THE SJP GROUP

By: _____

Michael D'Esposito, Secretary/Treasurer

CONFIDENTIAL

SJP001405

## ANNEX A TO ENGAGEMENT LETTER

### INDEMNIFICATION AGREEMENT

THIS AGREEMENT is made on this _16th_ day of _December_, 2006, by and between The SJP Group (the "Company") and First Bankers Trust Services, Inc. headquartered in Quincy, Illinois with offices in Quincy and Chicago, Illinois and Philadelphia, Pennsylvania (hereinafter referred to as "First Bankers"):

### *WITNESSETH:*

*WHEREAS*, the Company will be establishing the ESOP so as to enable its eligible employees to acquire a proprietary interest in capital stock of The SJP Group (or a Corporation which is a member of the same controlled group); and

*WHEREAS*, the Company and First Bankers have executed an engagement letter, dated as of the date hereof (hereinafter referred to as the "Engagement Letter"); and

*WHEREAS*, the Company desires to limit the liability of and to indemnify First Bankers to the extent hereinafter set forth to induce First Bankers to serve as a independent Trustee of the to-be-formed The SJP Group Employee Stock Ownership Trust ("Trust") (which is a part of The SJP Group Employee Stock Ownership Plan ("Plan") (collectively the "ESOP"); and

*WHEREAS*, First Bankers desires to serve as the Trustee of the Trust pursuant to the terms of the Trust Agreement and the Engagement Letter, provided the limitation of liability and indemnification of First Bankers by the Company to the extent hereinafter set forth are implemented; and

*NOW, THEREFORE*, in consideration of the mutual covenants contained herein and other good and valuable consideration paid by each party to the other and the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      First Bankers hereby agrees to serve as the Trustee for the establishment of the Trust pursuant to the terms of this Agreement, the Engagement Letter, the Plan and the Trust Agreement; provided, however, to the extent that this and any provision of the Engagement Letter, the Plan or the Trust Agreement conflict, this Agreement shall supersede the Engagement Letter, the Plan or the Trust Agreement, respectively.

2.      In order to exercise its independent judgment in a manner consistent with its fiduciary obligations, First Bankers as an independent Trustee has engaged and retained, or will engage and retain independent legal counsel and an independent financial advisor. The engagement terms for these professionals shall be disclosed to the Company, for its approval as soon as reasonably practical, before the engagement of such professionals. Such advisors shall report directly to First Bankers and shall not be under any obligation to report to the Company. The reasonable fees and expenses of the counsel and advisors, as approved by the Company, as well as those fees and expenses charged by First Bankers, all as set forth in the Engagement Letter, or any subsequent compensation agreement between First Bankers and the Company, shall be paid by the Company within a reasonable time. Moreover, the Company shall pay the reasonable fees and expenses of First Bankers' legal counsel and independent financial advisor within a

reasonable time after their billing. To the extent that the Company does not timely pay First Bankers for its fees and expenses, the Company agrees that the Trust may pay all of First Bankers agreed fees and expenses to the extent provided in the Trust Agreement. In the event that the Trust does not have sufficient cash and the Company does not timely pay the Trustee's fees and expenses described in this Section 2 or the Engagement Letter, First Bankers shall have the right and power under this Agreement and the Trust to offset such expenses or fees against the Trust's assets, and such right and power shall include First Bankers' ability to liquidate Trust assets by requiring the Company to purchase such stock at fair market value to the extent necessary to pay for such expenses and fees.

3.      Subject to the relevant provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), the Company hereby agrees to discharge, indemnify and hold First Bankers and its shareholders, directors, officers, employees, representatives and agents (hereinafter collectively referred to as the "Indemnitees") harmless from and against:

❖  any and all actions connected with or related to the Company, or other Plan fiduciaries;

❖  any and all reasonable costs and expenses incurred by the Indemnitees in the enforcement of this Agreement including, but not limited to, reasonable attorney's fees and expenses and court costs;

❖  and any and present or future losses, claims, damages, expenses, or liabilities (including, but not limited to, court costs, judgments, fines, excise taxes, time charges for First Bankers personnel time related to litigation or threatened litigation and the aggregate amount paid in reasonable settlement of any actions, suits, proceedings, or more of the Indemnitees ("Loss or Losses") in connection with actions, proceedings, or suits of any kind or nature whatsoever, whether civil, under any statute or common law or otherwise, criminal, administrative or investigative arising from or in any way related to actions (including, but not limited to past acts) taken, or omitted to be taken, by, one or more of the Indemnitees in connection with the engagement of First Bankers as the Trustee of the Trust including, but not limited to, any actions taken or omitted to be taken, pursuant to directions, instructions, or requests of the Company, the Plan's "Administrator" (as described in Section 3(16)(A) of ERISA), or its agent (such indemnification shall also include reasonable fees and expenses of First Bankers' legal counsel and independent financial advisor which shall be paid within a reasonable time);

❖  provided, however, that the provisions of this Section 3 shall not apply to the extent that any Loss: (i) is found, in a final judgment by a court of competent jurisdiction from which no appeal is taken, to have resulted from the negligent actions or willful misconduct of one or more Indemnitees; or (ii) is found to be one for which, pursuant to restrictions or limitations under ERISA, the Indemnitees cannot be lawfully indemnified,.

4.      If notice of any action, claim, proceeding or investigation is received by one or more Indemnitees in respect of which indemnity may be sought against the Company hereunder, such Indemnitee or Indemnitees shall notify the Company, as appropriate, in writing and within 10 days of Indemnitees receipt thereof of the commencement thereof, but the omission to so notify the Company shall not relieve the Company from any liability to one or more Indemnitees hereunder, except to the extent that such failure shall have actually prejudiced the defense of

such action, including the right of the Company to assume the defense of such action as discussed below.

5.      The Company shall have the right, at its option, to assume the defense of any such matter with its own counsel, unless: (i) the employment of separate counsel by the Indemnitees has been authorized in writing by the Company; (ii) the action, claim, or proceeding involves an allegation of negligence or willful misconduct by one or more of the Indemnitees; (iii) the Company shall not in fact have employed counsel to assume the proper defense of such action; (iv) the Company and Indemnitees have a conflict of interest, in each of which cases the Indemnitees shall have the right to join in the defense of the matter and reasonable fees and expenses of counsel of the Indemnitees shall be at the expense of the Company.  In the event the Company does not or is unable to assume the defense, Indemnitees shall have the right to retain counsel of their collective choice to represent Indemnitees and all other persons indemnified hereunder (provided such counsel shall be reasonably satisfactory to the Company), and such counsel shall, to the fullest extent consistent with its professional responsibilities, cooperate with the Company and any counsel designated by the Company.  In such event, First Bankers, at its option and after consultation with the Company, shall have the sole authority for the direction of the defense of the Indemnitees.  In such event, First Bankers, with the prior written consent of the Company, which consent shall not be unreasonably withheld, shall determine the acceptability of any compromise or settlement of any claim or action against First Bankers or any other Indemnitee.

6.      Neither termination nor completion of the engagement of Indemnitee or Indemnitees referred to above shall affect the provisions in this Agreement, which shall nevertheless remain operative, and in full force and effect.

7.      This Agreement shall apply from the date of the Engagement Letter and shall remain in full force and effect with regard to any matters covered hereunder, regardless whether First Bankers is then serving as Trustee of the Trust.

8.      In the event a court of competent jurisdiction holds that any part of this Agreement is invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect as if the provisions held invalid or unenforceable were never a part hereof.

9.      This Agreement may not be amended except by an instrument in writing signed on behalf of each of the parties hereto.

10.     This Agreement shall be binding upon and inure to the benefit of the assigns, successor and legal representatives of the parties thereto.

11.     The obligations of the Company under this Agreement are in addition to any other obligations, which the Company may have to First Bankers, or any other Indemnitee.

12.     This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

13.     The validity, construction and operation of this Agreement shall be governed by the law of the State of Illinois, without regard to choice of law principles, to the extent not preempted by federal law.

CONFIDENTIAL                                                                          SJP001408

*FIRST BANKERS TRUST SERVICES, INC.*

By: _____
    Merri E. Ash, Vice President

*THE SJP GROUP*

By: _____
    Michael D'Esposito, Secretary/Treasurer

CONFIDENTIAL

SJP001409

## Annex B

### Current Annual Trust Fee Schedule

### The SJP Group

Based on Assets held in the Plan*

| | |
|---|---|
| .20% ON THE FIRST | $5,000,000.00 |
| .15% ON THE NEXT | $5,000,000.00 |
| .10% ON THE NEXT | $10,000,000.00 |
| .05% ON ASSETS OVER | $20,000,000.00 |

$40.00 PER PARTICIPANT DISTRIBUTION (to include the check and the appropriate tax reporting form)

* minimum annual fee $15,000.00.


Michael D'Esposito, Secretary/Treasurer          11/17/06
                                                  Date

CONFIDENTIAL

SJP001410