UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS E. PEREZ, | : Civil Action No. 12-4450 (MAS) |
| Plaintiff, | : |
| v. | : MEMORANDUM OPINION |
| | : AND ORDER |
| FIRST BANKERS TRUST SERVICES, INC., et al., | : |
| Defendants. | : |

This matter comes before the Court on an informal application by Defendant First Bankers Trust Services, Inc. ("FBTS") concerning an administrative Subpoena served by the U.S. Department of Labor ("DOL") on Business Appraisal Services, L.L.C. ("BAS"), an entity associated with one of FBTS' expert witnesses.[1] See FBTS' letter to the Court dated July 14, 2014 [dkt. no. 100]. FBTS maintains, "the Subpoena will undoubtedly require BAS to produce documents which the Department of Labor could use against FBTS in this litigation." *Id.* at pg. 2. FBTS points out that expert discovery in this matter closed on December 9, 2014 and that Defendants' summary judgment motions are fully briefed and pending before the Court. Further, FBTS argues, any discovery obtained by DOL from BAS is beyond the permissible scope of Fed. R. Civ. P. 26(a)(2)(B) and irrelevant to its expert's opinions. For these reasons, FBTS seeks a

---

[1] This issue was initially raised in a letter to the Court dated April 1, 2015 in which FBTS argued that it would suffer prejudice if BAS was required to produce documents in connection with a DOL investigation. At that time, the Court declined to intervene unless and until a subpoena was actually served.

Protective Order precluding DOL's use of any information or materials obtain from BAS in this case.

Plaintiff, the Secretary of DOL maintains that its investigation of BAS is independent and unrelated to this case and "objects to any request to limit his ability to use evidence beyond those limitations set forth in the Federal Rules or this Court's local rules." See DOL's letter to the Court dated July 15, 2015 ("DOL Ltr.") [dkt. no. 101].

FBTS has made similar applications in two other pending matters filed against it by DOL; *Perez v. FBTS*, CA No. 12-8648 (S.D.N.Y.)(the "Maran case") and *Perez v. FBTS,* CA No. 8469 (S.D.N.Y.) (the "Rembar case"). In the Maran case, FBTS and DOL entered into a Stipulation, barring DOL from seeking any BAS records related to the Maran case and precluding DOL from using any information obtained from the BAS investigation for any purpose.

In the Rembar case, US. District Judge Vincent L. Briccetti, noting that discovery in that case was closed, prohibited DOL from using "any newly obtained information as part of its case-in-chief to the extent such use is prohibited by disclosure obligations" but declined to "limit plaintiff's ability to use evidence beyond the limits set forth in the Federal Rules of Civil Procedure and the SDNY Local Rules" including "using any material to impeach any witness at trial." See SDNY Civil Action No 12-8649 (VB), dkt. no. 67.

In this case, Plaintiff has declined to enter into any Stipulation concerning its use materials obtained in the BAS investigation. Plaintiff has represented and FBTS has acknowledged that the BAS Subpoena does not seek production of any privileged communications with FBTS' attorney related to any of the three pending civil actions. DOL Ltr. at pg. 3. Nonetheless, FBTS argues, Plaintiff cannot "use its governmental authority, unavailable to FBTS [sic] to aid its impeachment of the Secretary's experts, to gain an unfair advantage in this case." See FBTS' letter

-2-

to the Court dated July 20, 2015 [dkt. no 102].

In this case, there is no indication that the BAS Subpoena was issued in furtherance of any discovery effort by Plaintiff in this case.  To the contrary, the administrative subpoena in question was issued by DOL's Employee Benefits Security Administration, Chicago Regional Office and seeks documents related to BAS' valuation work for Employee Stock Ownership Plans. Plaintiff maintains, and FBTS has not credibly disputed, that the BAS investigation is separate, independent and completely unrelated to this civil action.

Further, notwithstanding its claim of prejudice, FBTS has not demonstrated any specific harm which will occur if Plaintiff is limited in its use of any information obtained pursuant to the BAS subpoena for impeachment purposes only and subject to FBTS' objection during the trial.  Plaintiff correctly notes that "FBTS, as the party which retained BAS, presumably would have access to the same materials being produced."  DOL Ltr. at pg. 2.

Having considered the papers submitted, together with the argument of counsel on July 23, 2015, the Court hereby denies FBTS' informal application and instead adopts the limitations imposed by District Judge Briccetti in the Rembar case; that is, Plaintiff may not use any information or materials obtained in the course of the BAS investigation in its case-in-chief. However, the Court will not limit Plaintiff's ability to otherwise use such information or materials at trial as permitted by the Federal Rules of Civil Procedure and this Court's Local Rules.

SO ORDERED,

DATED: August 17, 2015               *s/ Douglas E. Arpert*
                                     DOUGLAS E. ARPERT
                                     United States Magistrate Judge