UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| R. ALEXANDER ACOSTA<br>Secretary of the United States<br>Department of Labor,[1]<br><br>   Plaintiff,<br><br>    v.<br><br>FIRST BANKERS TRUST SERVICES, INC.,<br>VINCENT DIPANO and the SJP GROUP<br>EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) No. 12-cv-04450 (MAS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT ORDER

Plaintiff R. Alexander Acosta, Secretary of the United States Department of Labor ("Secretary"), and defendant First Bankers Trust Services, Inc. ("FBTS" and, with the Secretary, the "Parties"), by and through their respective attorneys, have negotiated an agreement to settle all civil claims and issues between them in this action, and each consents to the entry of this Consent Order by the Court as the sole and complete memorialization of the terms of such agreement.

  **A.**  This action was filed by the Secretary pursuant to his authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. as amended.

  **B.**  The Secretary filed this ERISA action in connection with the April 16, 2007

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor R. Alexander Acosta is automatically substituted for plaintiff Thomas E. Perez.

1

purchase of 380,000 shares of SJP stock (the "Transaction") by the SJP Group Employee Stock Ownership Plan (the "SJP ESOP").

C.     The Secretary and FBTS have reached a settlement to resolve the above captioned matter as well as FBTS's appeal of the Court's March 31, 2017 Opinion and Order in this matter, filed in the United States Court of Appeals for the Third Circuit, and styled  *Secretary of Labor v. First Bankers Trust Services, Inc.*, Case No. 17-1973 (hereinafter the "Appeal").

D.     In consideration of the Parties' settlement as set forth in this document, FBTS has discontinued the Appeal.

E.     The Parties agree to settle on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Order as a full and complete resolution of all of the civil claims, causes of action and issues arising between them in this action without trial or adjudication of any issue of fact or law raised in the Secretary's Amended Complaint in this action.

**NOW THEREFORE**, in consideration of the mutual covenants set forth in this Consent Order and other valuable and sufficient consideration, the Parties have agreed as herein stated.  Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

## I.     JURISDICTION

The Court has jurisdiction over the Parties to this Consent Order and subject matter of this action and is empowered to provide the relief herein.

## II.     MONETARY RELIEF

A.     Within 30 (thirty) days of the Court's entry of this Consent Order, FBTS shall pay or cause its insurers to pay the SJP ESOP the sum of $8,000,000.00 (the "Settlement Amount") to fully settle the claims against FBTS in the Secretary's Complaint

2

in this action by depositing the Settlement Amount with the Clerk of Court. This payment shall not be offset in any manner by any payments from Vincent DiPano, the SJP Group, the SJP ESOP or any other party.

**B.**     To the extent that the SJP ESOP or SJP has advanced to FBTS payment for any fees and expenses that FBTS has incurred or anticipates incurring in defense of this action, the Appeal, or any investigation covered by this Consent Order, FBTS, within 10 (ten) days of execution of this Consent Order, shall re-pay any such advanced fees and expenses plus interest at the rate prescribed by the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Court's entry of this Consent Order.

**C.**     Upon payment of the Settlement Amount and any payments pursuant to paragraph II(B), FBTS is hereby assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), in the amount of $1,600,000.00 (the "Penalty Amount"), equal to 20% (twenty percent) of the Settlement Amount. However, FBTS has petitioned for a waiver of said penalty under 29 C.F.R. 2570.85(a)(2), which the Secretary has granted.

**D.**     FBTS will provide to the Secretary proof of payment of the Settlement Amount. Such proof will include wire transfer confirmations of the payment and such other proof as may be requested by the Secretary. Any proof provided under this paragraph will be sent to the Secretary's representative at the following address:

> Jonathan Kay
> Regional Director New York Regional Office
> Employee Benefits Security Administration
> U.S. Department of Labor
> 33 Whitehall St., Suite 1200
> New York, NY 10004

The Secretary will notify FBTS of his receipt of satisfactory proof.

### III.   NON-EXCLUSIVITY

This Consent Order is not intended to specify all of FBTS's obligations as an ERISA fiduciary and in no way supersedes any of FBTS's obligations under ERISA or its implementing regulations.

### IV.   RELEASES

**A.**   This Consent Order provides full, final, and complete judicial resolution of any and all of the claims and causes of action alleged in the Secretary's Complaint in this action. Notwithstanding the foregoing, nothing in this Consent Order shall be deemed to waive any claim by the Secretary relating to the obligations set forth in this Consent Order.

**B.**   Except for the obligations set forth above to this Consent Order, the Secretary and his agents, representatives, assigns, predecessors and successors in interest, acting in their official capacities, do hereby waive, release and forever discharge any and all claims, demands, actions, causes of action, liabilities, or fines (including any payment under Section 502(l) of ERISA) they may have against FBTS and its directors, officers, agents, attorneys, employees, representatives, assigns, predecessors, and successors in interest based upon the allegations in the Secretary's Complaint in this action.

**C.**   FBTS and its directors, officers, agents, attorneys, employees representatives, assigns, predecessors and successors in interest, do hereby release the Secretary and his officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule, or regulation, that relate in any manner to the investigations, filing, prosecution, and maintenance of the Secretary's Complaint, and the Secretary's defense of FBTS' Appeal.

4

D.     The Secretary's claims against any other persons are expressly preserved. Except as set forth in paragraphs III(A) and (B) above, nothing in this Consent Order shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions, against any entities or persons relating to any ERISA-covered plan.  Nothing in this Consent Order resolves any claims that have been or may be asserted against FBTS by the SJP ESOP or by any other person.

## V.     RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the Parties and subject matter of this action for the purposes of enforcing and/or interpreting the terms of this Consent Order.

## VI.     COST AND EXPENSES

The Parties each shall bear their own costs, expenses, and attorneys' fees in connection with this action, the Appeal, and this Consent Order.  FBTS agrees not to seek or accept indemnification from The SJP Group or use any assets of SJP or the SJP ESOP for any payments made or required to be made pursuant to this Consent Order, or for any expenses, including attorney's fees, associated with the negotiation, consideration, documentation, or implementation of this Consent Order.

## VII.     CONFLICT RESOLUTION

The Parties agree that should any issues arise relating to compliance with the terms of this Consent Order, as a precondition to seeking the Court's involvement, the Party asserting the issue(s) will provide written notice of the issue(s) to the other Party and will use reasonable efforts to resolve them informally.  If the issues cannot be resolved within ninety (90) days of the date of the written notice, the Parties shall have the option of seeking resolution by more formal means, including but not limited to mediation or litigation.  Failure by any Party to seek enforcement of any provision of this Consent Order

5

shall not be construed as a waiver of such enforcement with regard to that provision or any other provision.

## VIII.   **PARTIES BOUND**

By entering into this Consent Order, the Parties hereto represent that they have been informed by counsel of the effect and purpose of this Consent Order and agree to be bound by its terms. Any attorney signing each expressly represents that he or she is authorized to execute this Consent Order on behalf of the Party represented and that the attorney has fully disclosed any conflicts of interest relating to his or her representation for purposes of executing this Consent Order. This Consent Order is not binding on any governmental agency other than the United States Department of Labor.

## IX.   **MULTIPLE ORIGINALS**

This Consent Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Order is the date on which it is signed by the Court.

## X.   **ENTRY OF JUDGMENT**

The Court finds that there is no just reason to delay the entry of this Consent Order and expressly directs the entry thereof as a final Order and Judgment.

**IN WITNESS WHEREOF**, the Parties through their respective duly authorized representatives have executed this Consent Order on the date(s) set forth hereunder.

Respectfully Submitted,

Dated: September 21, 2017
        New York, NY

NICHOLAS C. GEALE
Acting Solicitor of Labor


JEFFREY S. ROGOFF
Regional Solicitor-New York Region

JOHN G. CAMPBELL
Counsel for ERISA Litigation

ANDREW KARONIS
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff R. Alexander
Acosta, Secretary of Labor

Dated: September 21, 2017
        New York, NY

FOX ROTHSCHILD LLP

DANIEL A. SCHNAPP
ELIZABETH C. VIELE
Attorneys for Defendant First Bankers
Trust Services, Inc.

POST OFFICE ADDRESS:
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, NY 10178
Tel: (212) 878-7960
Fax: (212) 692-0940
Email: DSchnapp@foxrothschild.com
       EViele@foxrothschild.com

POST OFFICE ADDRESS:
U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: (646) 264-3681
Fax: (646) 264-3660
karonis.andrew@dol.gov

**SO ORDERED:**

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: _11/9/17_____
Trenton, NJ